JESSE A. FORREST v. L. D. GRANT.

PLEADINGS AND PRACTICE. *Suit to recover money lost at gaming.* A husband may bring a suit for the use of his wife to recover money lost at gaming, after the expiration of ninety days and before the expiration of twelve months.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county.    L. B HORRIGAN, J.

R. D. JORDAN for Forrest.

W. B. GLISSON for Grant.

FREEMAN, J., delivered the opinion of the court.

Forrest won a hundred dollars from Grant on a horse race. After the expiration of the ninety days provided by Code, sec. 1771, for the suit to be brought by the person losing, Grant sued Forrest for

20— VOL. 11.

the money. On the trial before the magistrate he moved the justice to allow him to amend by making the writ read, "for the use of his wife, Belle F. Grant," which was allowed, and no exception taken to this action. Judgment was rendered for plaintiff, and an appeal taken to the circuit court, where the case was tried by a jury, under charge of the court, who rendered a verdict for plaintiff, from which there is an appeal in error to this court.

The only error assigned is, that the court refused to charge, as requested, that the husband could not bring a suit for the use of the wife, after the expiration of ninety days and before the expiration of twelve months.

Section 1772 provides: "Any person may, after the ninety days and within twelve months thereafter, recover the amount of such money, thing, or its value, by action for the use of the wife, and if no wife, the child or children, and if no child or children, the next of kin of the loser."

While, if objection had been taken, it might well have been doubted whether this was an amendment in any proper sense, but the bringing of a new suit in an independent right, different from that in which the suit was commenced; yet no objection being taken, treating it as an equivalent to a new suit—as has been done below—we see no reason why the husband may not as well bring this suit, under the language of the section quoted—"any person"—as a third party.

The court so held, and we affirm his judgment.